IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |
|---|---|
| GOVCIO, LLC <br> 101 Constitution Avenue N.W., Suite L110 <br> Washington, D.C. 20001 <br><br> Plaintiff, <br><br> v. <br><br> JEFFERY GIEBER <br> 400 North Park Avenue, Unit 10-B <br> Breckenridge, CO 80424 <br><br> Defendant. | Civil Action No. 8:22-cv-399 |

## VERIFIED COMPLAINT

**(Temporary Restraining Order Requested)**

COMES NOW GovCIO, LLC ("GovCIO" or "Plaintiff") with this Complaint seeking declaratory judgment and injunctive relief based upon Jeffery Gieber's ("Defendant") breach of contract and misappropriation of trade secrets, and in support thereof states as follows:

## PARTIES

1. GovCIO is a Maryland limited liability company with its principal place of business in the District of Columbia. Defendant is an adult resident of Colorado.

## JURISDICTION AND VENUE

2. Pursuant to 28 U.S.C. § 1331, the Court has subject matter jurisdiction over this action as it maintains "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3.      Separately, pursuant to 28 U.S.C. § 1332, the Court has subject matter jurisdiction over this action based on the complete diversity of citizenship among the parties to this action and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      This court has personal jurisdiction over Defendant because he has purposefully availed himself of the privilege of conducting business in the State of Maryland in furtherance of his employment with GovCIO.  To that end, he has expressly agreed that "any judicial proceeding arising out of or relating to [his Non-Disclosure and Non-Solicitation Agreement] shall be filed exclusively in the United States District Court for the District of Maryland." Ex. 1, at ¶ 11.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant has already consented to litigating these claims in this Court in the Non-Disclosure and Non-Solicitation Agreement he voluntarily signed.

## FACTUAL ALLEGATIONS

6.      GovCIO is a global information technology ("IT") firm that primarily serves federal government agencies in the Washington, D.C. metropolitan area.

7.      One of GovCIO's most important customers is the United States Department of Veterans Affairs ("VA").  GovCIO maintains contracts with the VA to provide a variety of IT services.

8.      Defendant served in the role of Vice President, Delivery for GovCIO at the time of his resignation.  He was initially hired as a Senior Portfolio Director.  His responsibilities included managing a portfolio of contracts, where GovCIO and/or the GovCIO Joint Venture serve as the Prime contract holder in the GovCIO VETS Sector, primarily composed of IT services supporting the Department of Veterans Affairs.  That Sector included over 200 full-time employees.  In

addition, he participated in writing and soliciting new business proposals for opportunities supporting the Department of Veterans Affairs.

9. GovCIO requires employees like Defendant to sign a Non-Disclosure and Non-Solicitation Agreement containing confidentiality and non-solicitation clauses before they are given access to trade secrets and other proprietary and confidential information. On June 29, 2018, Defendant executed such an agreement.

10. Paragraph Two of the Non-Disclosure and Non-Solicitation Agreement provides that:

> Employee acknowledges that during his/her employment by The Company, he/she will have access to and acquire confidential and proprietary information regarding The Company's business which is not available to the general public ("Confidential and Proprietary Information"). The Confidential and Proprietary Information includes, but is not limited to, *data concerning The Company's customers, contracts, task orders, prospective contracts, prospective task orders, technology, marketing plans, sales pipeline, proposals, technical solutions, pricing, services, employees, prospective customers, computer systems, manuals, designs, methods, improvements, trade secrets and inventions*.

Ex. 1, at ¶ 2 (emphasis added).

11. Paragraph Three of the Non-Disclosure and Non-Solicitation Agreement provides that:

> It is essential to the protection of The Company's good will and to the maintenance of The Company's competitive position that *any confidential and proprietary information be kept secret and that Employee not, at any time, disclose such information to others or use such information to Employee's own advantage or the advantage of others*.

Ex. 1, at ¶ 3 (emphasis added).

12. Finally, Paragraph Six of the Non-Disclosure and Non-Solicitation Agreement provides that:

> Employee further agrees that for a period of two (2) years after the termination of his or her employment with The Company, he/she will not, directly

or indirectly, either on his/her own behalf or on behalf of any third party, solicit, participate in the pursuit, marketing, pricing and capture efforts to *provide any information technology related services to or on behalf of any of The Company's Customers and Prospective Customers*. For purposes of this Agreement, The Company's Customers are (a) the Federal Government contracts and task orders awarded to and/or serviced by The Company during the term of Employee's employment, as well as the services that are included in the follow on to these contracts and task orders or (b) prospective Federal Government contracts and task order opportunities where significant knowledge of the opportunity was gained by Employee during his/her employment.

Ex. 1, at ¶ 6 (emphasis added).

13. The Non-Disclosure and Non-Solicitation Agreement precludes Defendant from performing any work with GovCIO customers—including the VA—until on or about January 19, 2024.

14. Defendant signed the Non-Disclosure and Non-Solicitation Agreement voluntarily. By signing the Agreement, Defendant promised, among other things, that he would not "provide any information technology related services to or on behalf of any of [GovCIO's] Customers and Prospective Customers." Ex. 1, at ¶ 6.

15. Defendant resigned from GovCIO on or about January 19, 2022. Prior to his resignation, Defendant downloaded a number of contracts, business development materials, contract proposals, and project management documents, including financial models, related to GovCIO's work with the VA. A detailed list of those fifty-six downloaded documents is attached as Exhibit 2. As pointed out in Exhibit 4—detailed further herein—many of these documents were not related, directly or indirectly, to Defendant's duties at all.

16. In the days and months prior to his resignation, Defendant emailed a number of work-related documents to his personal email account. A record of those emails is attached as Exhibit 3.

17. Following Defendant's resignation, GovCIO undertook a review of his email activity and discovered his downloads and emails.

18. On January 24, 2022, undersigned counsel provided Defendant with an admonition that he was barred from providing proprietary information to any GovCIO customers or potential customers. That letter is attached as Exhibit 4.

19. Defendant responded to undersigned counsel's letter on January 25, 2022, noting his belief that the Non-Disclosure and Non-Solicitation Agreement was invalid because GovCIO's Chief Executive Officer had not countersigned the agreement. He also noted that, only "in some cases," the files he downloaded were uploaded back to GovCIO systems. That letter is attached as Exhibit 5.

20. Upon information and belief, Defendant spoke with a representative of the VA and GovCIO employees around the time of his resignation from GovCIO. In multiple conversations, Defendant told the VA representative and GovCIO employees that he was resigning from GovCIO, but that he would be in touch soon with his new employer. If Defendant plans to seek employment with a new government contractor and pitch business to the VA similar to the services he provided through GovCIO, Defendant would yet again breach the Non-Disclosure and Non-Solicitation Agreement.

21. Defendant has continued to reach out to current GovCIO employees regarding the potential for future work, further breaching his Non-Disclosure and Non-Solicitation Agreement. Specifically, he has contacted Janell Poindexter—an employee who is responsible for a program under his former portfolio.

22. By persistently refusing to honor GovCIO's Non-Disclosure and Non-Solicitation Agreement, Defendant has inflicted, and will continue to inflict, irreparable harm upon GovCIO, absent the entry of an injunction.

## CLAIMS FOR RELIEF

### COUNT I

### Breach of Contract

23. GovCIO incorporates by reference each of the factual allegations stated in Paragraphs 1-22 above as if fully stated herein.

24. In June 2018, Defendant signed a written contract with GovCIO. That contract—the Non-Disclosure and Non-Solicitation Agreement referenced throughout this Complaint—prohibited Defendant from providing "any information technology related services to or on behalf of any of [GovCIO's] Customers and Prospective Customers." Ex. 1, at ¶ 6.

25. The Non-Disclosure and Non-Solicitation Agreement further provided that "data concerning The Company's customers, contracts, task orders, prospective contracts, prospective task orders, technology, marketing plans, sales pipeline, proposals, technical solutions, pricing, services, employees, prospective customers, computer systems, manuals, designs, methods, improvements, trade secrets and inventions" constituted proprietary information.

26. The Non-Disclosure and Non-Solicitation Agreement bound Defendant from soliciting current or prospective GovCIO customers until January 19, 2024.

27. Upon information and belief, Defendant has breached that provision by using propriety information downloaded prior to the end of his employment to solicit GovCIO clients, including the VA.

28. Upon information and belief, even if Defendant has not already used GovCIO's proprietary information to solicit current or former clients, his actions and inactions evidence his intent to do so in the immediate future.

29. As a result of that breach, GovCIO has suffered damages in an amount to be determined at trial.

## COUNT II

### Declaratory Judgment That the
### Non-Disclosure and Non-Solicitation Agreement is Valid

30. GovCIO incorporates by reference each of the factual allegations stated in Paragraphs 1-29 above as if fully stated herein.

31. Defendant voluntarily executed a Non-Disclosure and Non-Solicitation Agreement while he was employed by GovCIO.

32. There exists a case in controversy because Defendant now claims that the agreement was invalid because it "was not properly and fully executed by both parties, and lacked [GovCIO] CEO [sic] signature." Ex. 5, at 1.

33. Defendant's Non-Disclosure and Non-Solicitation Agreement is valid, and there is no requirement that GovCIO's Chief Executive Officer—or any other GovCIO employee—countersign the agreement in order to render it enforceable.

34. In order to realize the plain terms of Defendant's Non-Disclosure and Non-Solicitation Agreement, GovCIO is entitled to a declaratory judgment that its terms are valid and enforceable.

## **COUNT III**

**Misappropriation of Trade Secrets Under the Defend Trade Secrets Act ("DTSA")
18 U.S.C. § 1836**

35.     GovCIO incorporates by reference each of the factual allegations stated in paragraphs 1-34 above as if fully stated herein.

36.     During his employment with GovCIO, Defendant was given access to highly confidential proprietary information—among them, contracts, business development documents, and proposals.

37.     This information constitutes a trade secret because GovCIO takes appropriate steps to keep the documents confidential, the information not generally known to the public, and disclosure of this confidential and proprietary information would be beneficial GovCIO's competitors in bidding for business.

38.     GovCIO took adequate steps to protect the secrecy of this information by, amongst other things, requiring employees such as Defendant, who have access to the information, to sign a Non-Disclosure and Non-Solicitation Agreement that specifically protects from disclosure of GovCIO's "data concerning The Company's customers, contracts, task orders, prospective contracts, prospective task orders, technology, marketing plans, sales pipeline, proposals, technical solutions, pricing, services, employees, prospective customers, computer systems, manuals, designs, methods, improvements, trade secrets and inventions."

39.     Notwithstanding his obligations under this Agreement, Defendant has misappropriated this trade secret information to GovCIO's detriment.

40.     Defendant's violations of the statute have caused GovCIO damages in an amount to be determined at trial.

## COUNT IV

### Misappropriation of Trade Secrets Under the
### District of Columbia Uniform Trade Secrets Act
### D.C. Code § 36–401, *et seq*.

41. GovCIO incorporates by reference each of the factual allegations stated in paragraphs 1-40 above as if fully stated herein.

42. As noted above, Defendant was given access to highly confidential proprietary information. That information included contracts, business development documents, and proposals.

43. That information includes trade secrets, as it is not generally known to the public and its disclosure would be beneficial to GovCIO's competitors in bidding for business.

44. GovCIO took adequate steps to protect the secrecy of this information by, amongst other things, requiring employees such as Defendant, who have access to the information, to sign a Non-Disclosure and Non-Solicitation Agreement that specifically protects from disclosure of GovCIO's "data concerning The Company's customers, contracts, task orders, prospective contracts, prospective task orders, technology, marketing plans, sales pipeline, proposals, technical solutions, pricing, services, employees, prospective customers, computer systems, manuals, designs, methods, improvements, trade secrets and inventions."

45. Notwithstanding his obligations under this Agreement, Defendant has misappropriated this trade secret information to GovCIO's detriment.

46. Defendant's violations of the statute have caused GovCIO damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court enter judgment on its behalf on all counts contained herein and grant the following relief:

1. A temporary restraining order and permanent injunction requiring Defendant to comply with his Non-Disclosure and Non-Solicitation Agreement with GovCIO, including the immediate return and destruction of all proprietary information;

2. A temporary restraining order and permanent injunction enjoining Defendant from using or disclosing confidential, trade secret information that he learned during the course of his employment with GovCIO;

3. A temporary restraining order and permanent injunction enjoining Defendant from soliciting current or prospective GovCIO customers until January 19, 2024;

4. A temporary restraining order and permanent injunction enjoining Defendant from soliciting company employees until January 19, 2023;

5. Money damages of no less than $75,000, in an amount to be proven at trial;

6. Reasonable costs of this litigation, including GovCIO's reasonable attorneys' fees; and

7. Such other relief as this Court may find just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all counts so triable.

## VERIFICATION

I hereby swear or affirm under the penalty of perjury that the foregoing is true and correct to the best of my information and belief. As Senior Vice President of Human Resources for GovCIO, LLC, I am authorized to verify this Complaint.

Peter Hardwick, SVP, Human Resources
Government CIO, LLC

Dated: February 15, 2022

Respectfully submitted,

/s/ M. Carter DeLorme
M. Carter DeLorme (No. 17943)
Email: cdelorme@jonesday.com
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone:  (202) 879-3939
Facsimile:   (202) 626-1700

*Attorney for Plaintiff Government CIO, LLC.*